**In the United States District Court
for the Western District of Texas
San Antonio Division**

| | |
|---|---|
| Fair Housing Council of South Texas,<br>　　　　Plaintiff,<br><br>v.<br><br>Lennar Homes of Texas Sales and<br>Marketing, Ltd. and Lennar Homes of<br>Texas Land and Construction, Ltd.,<br>　　　　Defendants. | Case No. 5:23-cv-1415<br><br>Judge Fred Biery |

**Defendants' Rule 12(b)(6) Motion to Dismiss
for Failure to State A Claim**

## Table of Contents

Table of Contents ............................................................................................................. i

Table of Authorities ........................................................................................................ ii

Introduction ..................................................................................................................... 1

Argument ......................................................................................................................... 1

    I.    Builders of single-family homes are not required to modify their construction designs. ............................................................................................................... 3

    II.    Requiring a company to change its business plan is not a reasonable accommodation within the meaning of the Fair Housing Act. ............................... 5

    III.    The amended complaint alleges no facts regarding any violation of the marketing provision. ......................................................................................... 6

Prayer ............................................................................................................................... 7

Certificate of Service ....................................................................................................... 8

## Table of Authorities

**Cases**

*Asadi v. G.E. Energy (USA), L.L.C.*,
    720 F.3d 620 (5th Cir. 2013) ................................................................................... 2

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................ 2

*Beverly v. GatesHudson*,
    537 F. Supp. 3d 862 (E.D. Va. 2021) ...................................................................... 6

*Chavez v. Aber*,
    122 F. Supp. 3d 581 (W.D. Tex. 2015) .................................................................... 6

*Christensen v. Harris Cnty.*,
    529 U.S. 576 (2000) ................................................................................................ 4

*Lamie v. U.S. Tr.*,
    540 U.S. 526 (2004) ................................................................................................ 2

*Newman v. Nazcr Trac Prop. Owners Ass'n, Inc.*,
    601 F. Supp. 3d 357 (E.D. Wis. 2022) .................................................................... 6

*Pena v. Rio Grande City*,
    879 F.3d 613 (5th Cir. 2018) ................................................................................... 1

*Sabal Palm Condos. of Pine Island Ridge Ass'n, Inc. v. Fischer*,
    6 F. Supp. 3d 1272 (S.D. Fla. 2014) ........................................................................ 6

*Silguero v. CSL Plasma, Inc.*,
    579 S.W.3d 53 (Tex. 2019) ..................................................................................... 2

*Skidmore v. Swift & Co.,*
    323 U.S. 134 (1944) ................................................................................................ 4

*Tarrant Appraisal Dist. v. Moore*,
    845 S.W.2d 820 (Tex. 1993) ................................................................................... 4

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ................................................................................... 2

*Tex. v. United States*,
    497 F.3d 491 (5th Cir. 2007) ................................................................................... 4

**Statutes & Rules**

Fair Housing Act, 42 U.S.C. § 3604(c) ................................................................................. 6

Fair Housing Act, 42 U.S.C. § 3604(f) .......................................................................... 1, 2, 3

Fed. R. Civ. P. 12(b)(1) ........................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

Tex. Fair Housing Act, Tex. Prop. Code § 301.022 ............................................................. 6

Tex. Fair Housing Act, Tex. Prop. Code § 301.025 ......................................................... 2, 3

**Other Authorities**

Joint Statement of Dept. of H.U.D. & D.O.J.,
  *Reasonable Modifications Under the Fair Housing Act* (Mar. 5, 2008),
  https://www.hud.gov/sites/documents/reasonable_modifications_mar08.pdf ......... 4

# Introduction

Subject to their motion to dismiss pursuant to Rule 12(b)(1), Defendants Lennar Homes of Texas Sales and Marketing, Ltd. and Lennar Homes of Texas Land and Construction, Ltd. (collectively, "Lennar") move to dismiss all claims asserted by Plaintiff Fair Housing Council of South Texas ("FHCST") pursuant to Rule 12(b)(6) for failure to state a claim. FHCST's amended complaint asserts that the "majority of existing housing in America is inaccessible to people with disabilities," that "[m]ost newly constructed homes are not custom built," and that modifying existing premises to make them accessible is allegedly more expensive than modifying design plans pre-construction. Doc.8, ¶¶ 17-18, 26. Its solution to these concerns is to leverage the federal Fair Housing Act and its Texas state analog to force Lennar—who FHCST admits is not a custom homebuilder—to build custom homes.

The Fair Housing Act, however, only requires sellers of single-family homes to permit reasonable accessibility modifications "of *existing* premises." 42 U.S.C. § 3604(f)(3)(A). It does not require builders to change their design plans or alter their business models. FHCST's claims should be dismissed because its theory of liability is not supported by the plain language of the statute, which in over half a century has never been applied in the manner FHCST's complaint proposes.

# Argument

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pena v. Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678

(2009)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

A federal statute must be enforced according to its plain terms. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). "In construing a statute, a court should give effect, if possible, to every word and every provision Congress used" and interpret its provisions "in a manner that renders them compatible, not contradictory." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013). Similarly, courts construing Texas statutes "must look to the plain language, construing the text in light of the statute as a whole" and "may not impose [their] own judicial meaning on a statute by adding words not contained in the statute's language." *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019).

The Fair Housing Act prohibits discrimination based on disability in the sale or rental of a dwelling.[1] 42 U.S.C. § 3604(f)(1) & (2); Tex. Prop. Code § 301.025(a) & (b). FHCTS does not allege Lennar refused to sell a home to any person, much less because of a disability. Rather, it alleges statutory discrimination based on:

> (A) a refusal to permit, at the expense of the handicapped person, *reasonable modifications of existing premises* occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . . [and]
>
> (B) a refusal to make *reasonable* accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]

---

[1] The federal and state statutes are substantively the same, and references to the Fair Housing Act are intended to encompass both.

42 U.S.C. § 3604(f)(3)(A) & (B) (emphasis added); *see also* Tex. Prop. Code § 301.025(c)(1) & (2).

I. **Builders of single-family homes are not required to modify their construction designs.**

Central to FHCST's amended complaint is its position that the requirement to make reasonable modifications to existing premises means Lennar make "modifications to *building plans*." Doc.8, ¶¶ 4-5, 30-39, 59, 61, 68, 70 (emphasis added). But by its plain language, the modification provision only applies to "existing premises," not design plans for premises that are not yet existing.

The modification provision's application to existing premises can be juxtaposed against the final provision, which expressly requires builders of covered multifamily dwellings to "design and construct those dwellings" to include certain accessibility features. 42 U.S.C. § 3604(f)(3)(C). The required features include many of those mentioned in FHCTS's amended complaint, such as wider doorways. *Id.* Thus, Congress made a decision to require builders to include certain accessibility features in the design and construction of new multifamily dwellings but not new single-family dwellings. Sellers of both, however, must permit, at the buyer's expense, *post*-construction modifications. But FHCST's amended complaint does not allege that Lennar refuses to permit post-construction modifications.

FHCST argues "[r]equests for reasonable modifications may be made before, during, or after home construction," and points to a 2008 joint statement by the Departments of Justice and Housing and Urban Development. Doc.8, ¶¶ 23-25. The

statement, however, does not actually support FHCST's position. It merely asserts that a person may *request* a modification when a potential purchase is discussed and addresses "[w]ho is responsible for paying for the costs of structural changes to a dwelling unit that has not yet been constructed." Joint Statement of Dept. of H.U.D. & D.O.J., *Reasonable Modifications Under the Fair Housing Act*, at No. 14 & 30 (Mar. 5, 2008), https://www.hud.gov/sites/documents/reasonable_modifications_mar08.pdf. It does not assert that builders are required by the statute to modify pre-construction designs, especially where, as in Lennar's case, no sales contract is entered until construction is substantially complete. *Id.*; Doc.8, ¶ 31.

To the extent the joint statement suggests builders must change their design plans prior to contracting to sell a home, it would contradict the express terms of the statute and be entitled to no deference by the Court. Agency interpretations of statutes in policy statements "lack the force of law" and "do not warrant *Chevron*-style deference." *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000). Instead, they are entitled to respect only to the extent they have the "power to persuade." *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). Of course, an agency's interpretation is not persuasive if it contradicts the plain meaning of a statute. *Texas v. United States*, 497 F.3d 491, 505 n.13 (5th Cir. 2007); *see also Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993) ("Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute.").

FHCST's amended complaint attempts to impose an obligation upon Lennar that does not exist in the statutes upon which its claims are based. Its claims premised on the modification provision of the Fair Housing Act cannot succeed as a matter of law and should be dismissed with prejudice.

**II.     Requiring a company to change its business plan is not a reasonable accommodation within the meaning of the Fair Housing Act.**

FHCST's amended complaint also asserts claims under the accommodations provision, asserting that "requests for an exception to Defendant's policy of prohibiting changes to building plans are requests for reasonable accommodations." Doc.8, ¶ 5; *see also id.* at ¶ 20. Initially, accommodations are made with respect to rules and policies and are different than modifications, which are made with respect to the physical premises. FHCST's construction of the accommodations provision is nonsensical because it would require homebuilders to change their policies to make modifications that the modifications provision itself does not require.

Crucially, FHCST's amended complaint admits Lennar is not a custom homebuilder and does not enter contracts to sell homes until they are substantially constructed. Doc.8, ¶¶ 31, 37. Yet it claims the Fair Housing Act requires Lennar to act as a custom homebuilder by selling homes before they are built and altering its construction designs on a case-by-case basis. *See id.* at ¶¶ 30-31. Thus, FHCST is not asking for an accommodation to Lennar's rules or policies, let alone a reasonable one; it is asking the Court to force Lennar to change its business model.

In contrast, common examples of reasonable accommodations under the Fair

Housing Act include "waiving a no-pet rule to allow a disabled resident the assistance of a service animal," *Chavez v. Aber*, 122 F. Supp. 3d 581, 596 (W.D. Tex. 2015); *Sabal Palm Condos. of Pine Island Ridge Ass'n, Inc. v. Fischer*, 6 F. Supp. 3d 1272, 1281 (S.D. Fla. 2014); providing a handicap parking space, *Beverly v. GatesHudson*, 537 F. Supp. 3d 862, 866 (E.D. Va. 2021); and permitting parents of disabled children to build a fence despite restrictive covenants, *Newman v. Nazcr Trac Prop. Owners Ass'n, Inc.*, 601 F. Supp. 3d 357, 364 (E.D. Wis. 2022). There is no precedent, however, requiring a homebuilder to upend its business model.

### III.   The amended complaint alleges no facts regarding any violation of the marketing provision.

FHCST also alleges that Lennar has violated Section 3604(c) of the federal Fair Housing Act and the corresponding Texas statute, Section 301.022 of the Texas Property Code, Doc.8, ¶¶ 63 & 72, both of which make it a violation to "make, print, or publish . . . any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . handicap . . . or an intention to make any such preference, limitation, or discrimination." The amended complaint does not provide any explanation for this claim or allege any facts that would support its applicability. It does not mention any notice, statement, or advertisement by Lennar, let alone one that implicates any discrimination.

## Prayer

Subject to its Rule 12(b)(1) motion to dismiss for lack of standing, Lennar respectfully requests that the Court grant its Rule 12(b)(6) motion, dismiss this case with prejudice, and grant Lennar any other relief to which it is entitled.

Respectfully submitted,

Ware, Jackson, Lee, O'Neill,
 Smith & Barrow, LLP

 /s/ Don Jackson
Don Jackson
Texas Bar No. 10476000
Avery Sheppard
Texas Bar No. 24088403
Michelle R. Meriam Blair
Texas Bar No. 24063871
Matt Welsh
Texas Bar No. 24137284
2929 Allen Parkway, 39th Floor
Houston, Texas 77019
(713) 659-6400
(713) 659-6262 (fax)
donjackson@warejackson.com
averysheppard@warejackson.com
michelleblair@warejackson.com
mattwelsh@warejackson.com

**Attorneys for Defendants**

**Certificate of Service**

I certify that on January 8, 2024, a copy of the document was filed electronically via the Court's ECF System, which effects service upon all counsel of record.

    /s/ Michelle R. Meriam Blair